SELZ and another vs. THE FIRST NATIONAL BANK OF FORT ATKINSON, Garnishee, etc.

*April 13 — May 10, 1882.*

GARNISHMENT.   *No issue: dismissal: costs.*

When a garnishee has answered under sec. 2760, R. S., merely setting out the facts and submitting it to the court to determine thereon whether he is chargeable as garnishee, if the plaintiff does not take issue upon the truth of the answer, nor, within a reasonable time, move for judgment upon it, or give the garnishee notice that he claims nothing from him and consents to a dismissal of the proceedings, the garnishee may move for such dismissal; but, upon the granting of his motion, he will not be entitled to costs as upon trial of an ordinary action, but only to the *costs of the motion* in addition to the three dollars allowed him by the statute for drawing and serving his answer.

APPEAL from the Circuit Court for *Jefferson* County.

Plaintiffs appealed from that part of the judgment herein which awarded costs against them in favor of the garnishee. The case is stated in the opinion.

For the appellants there was a brief by *Davis & Riess,* and oral argument by *T. R. Shepard.*

The cause was submitted for the respondent on the brief of *L. B. & C. A. Caswell.*

TAYLOR, J.   The garnishee respondent in this case was duly summoned, and filed an answer, properly verified under sec. 2760, R. S. 1878, setting out the facts, and claiming to be in doubt whether, upon such statement of facts, he was in any way chargeable as garnishee in the action.   The plaintiffs and appellants took no issue upon the answer, nor did they move for any judgment against the garnishee upon the answer filed.   The garnishee made a motion in the court that the proceedings be dismissed, and that he recover costs against the appellants.   This motion was made and served August 16, 1880, but no decision was made thereon, and a.

second motion was made and served for the June term, 1881. Shortly after the first motion was served, and before the day of hearing, the appellants served notice upon the garnishee in writing, as follows: " The above entitled action as to said garnishee is hereby dismissed, and the said garnishee is hereby discharged from any and all further liability herein." With this notice the appellants tendered one dollar to the garnishee. Judgment was rendered in the main action on the 27th day of July, 1880. On the hearing of the second motion to dismiss the proceedings, the court ordered the proceedings dismissed and that the garnishee have his costs taxed as in an ordinary action. To this order the appellants excepted so far as it granted taxable costs to the garnishee. The garnishee afterwards taxed costs against the appellants for the sum of $66.91, and had judgment against them for that amount. Proper exceptions were taken to the taxation of such costs.

The only question to be decided upon this appeal is, whether a garnishee who appears and answers as required by sec. 2760, R. S. 1878, and upon whose answer the plaintiff in the action does not take issue, or apply for any judgment in his favor, is entitled to costs as in an ordinary action upon a formal motion to dismiss the proceedings against him. We are very clear that the statute does not give costs to the garnishee as in an ordinary action, except in cases where there is an issue of fact or of law made upon the answer of the garnishee by the plaintiff in the original action. The statute expressly provides that when the garnishee denies in general terms all liability, in the form prescribed in sec. 2759, the proceeding shall be deemed discontinued, unless the plaintiff shall, within twenty days after the service of such answer, serve on him a notice that he will maintain him to be liable as garnishee; and where no such notice is served, the proceedings are ended, and the garnishee is entitled to one dollar for his costs, and no more.

If the garnishee makes his answer under sec. 2760, he may, if he admits any indebtedness, pay the amount so admitted to the officer or the clerk of the court, less the sum of three dollars for his costs of such answer. When this latter answer is made, it is conclusive of the truth of the facts therein stated, unless the plaintiff shall within twenty days serve upon the garnishee a notice in writing that he elects to take issue on his answer, in which case the issue shall stand for trial as a civil action, in which the affidavit on the part of the plaintiff shall be deemed the complaint and the garnishee's affidavit the answer thereto. These provisions were clearly intended to limit the right of the garnishee to one dollar for drafting and serving his answer in the first case, and to three dollars for the same service in the second case, in all cases where the plaintiff accepts the answer of the garnishee as satisfactory.

But when the answer is made under sec. 2760, there may arise a question as to the rights of the respective parties upon the facts stated therein; and in such case it may be necessary that an application be made to the court to determine such rights. That case is provided for by the last clause of sec. 2763, which reads as follows: " The plaintiff may in all cases move the court upon the answer of the garnishee, and of the defendant if he shall have so answered, for such judgment as he shall be entitled to thereon, but any such judgment shall be no bar beyond the facts stated in such answers." This application must, in all cases, be made upon the facts stated in the answer. No issue upon the facts is made, and the court must determine whether, as a matter of law, upon the stated and admitted facts, the plaintiff is entitled to judgment against the garnishee, and for what sum. It may be urged, and we think with great propriety, that in all cases of answer made under sec. 2760, the garnishee is entitled to know within a reasonable time whether the plaintiff intends to claim that he is liable upon

his answer beyond the liability admitted therein, or, if none be admitted, that upon the facts stated he is liable for some amount; and consequently if the plaintiff does not move for judgment upon the answer, as he may under the provision of law above quoted, and does not give him notice that he claims nothing of him except the amount admitted to be due, or, if nothing be admitted, that he claims nothing, and consents to a dismissal of the proceedings, he has the right to move the court to dismiss the proceedings against him as a matter of right.

We think the practice adopted by the garnishee in this case was in all respects proper, and that he was entitled to make his motion to dismiss the proceedings so as to place himself right on the record. But the fact that he has this right to move to clear himself from the record, does not, we think, give him a right to costs as in an ordinary action. If upon such motion there appears to have been any unnecessary delay on the part of the plaintiff in giving notice that he consents to dismiss the proceedings against the garnishee, the court would undoubtedly be justified in awarding the moving party the costs of the motion. But beyond that we can see no propriety in charging the plaintiff with costs as upon a trial. If the plaintiff in this action had, before motion made by the garnishee, entered a discontinuance of the proceedings against him and served him with notice thereof, it seems to us very plain that the garnishee would not have been entitled to any costs beyond three dollars for drawing and serving his answer; and if he could not in that case, it seems to us also very plain that when he accomplishes the same purpose by a motion on his part, he can only recover the costs of such motion. The provision of sec. 2779 which says that "in all other cases under this chapter, not expressly provided for, the court may award costs in favor of or against any party, in its discretion," does not apply to a case of this kind, where there is no issue, and no claim made by the plaintiff against

the garnishee on his answer.    Cases of that kind are expressly provided for by secs. 2759, 2761, and 2762.    This provision would undoubtedly apply to the case of a plaintiff making application for judgment upon the answer of the garnishee under sec. 2763, and there may be other cases in practice to which it would apply.    If it be applicable to this case at all, it can only apply so far as to justify the court in awarding the ordinary costs of his motion.    The practice of allowing the garnishee costs as in an action, upon a proceeding of this kind, would make it extremely hazardous to the plaintiff to issue a garnishee process in any case, and would tend to defeat the purposes of the statute in allowing proceedings of that kind.

*By the Court.*— That part of the judgment appealed from is reversed.